NOT FOR PUBLICATION                                                                                      (Doc. No. 5)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Civil. No. 15-8537 (RBK/KMW) |
| v. | **OPINION** |
| BRONELL CHANDLER, | |
| Defendant. | |

**Kugler,** United States District Judge:

This suit arises from Bronnell Chandler ("Defendant")'s failure to pay adequate income taxes for tax years 1999-2004, 2006-2007, and 2013-2014. Plaintiff, the United States of America, brings this suit against Defendant to reduce to judgment the tax assessments made against Defendant by the Internal Revenue Service. Presently before the Court is the United States's motion for entry of default judgment against Defendant as to Count I. (Doc. No. 5). For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The United States avers that Defendant has failed to meet his tax liabilities. An agent of the Secretary of the Treasury ("the Secretary") has made a number of income tax assessments against Defendant. Compl. ¶ 7 (Doc. No. 1).[1] The Secretary provided Defendant with lawful

---

[1] The Secretary's agent assessed tax liabilities of $7,466 for tax year 1999, $17,020 for tax year 2000, $11,893 for tax year 2001, and $11,932 for tax year 2002 on December 12, 2005. *Id.* The Secretary's agent then assessed tax liabilities of $8,566 for tax year 2003, $3,666 for tax year 2004, and $9,801 for tax year 2006 on January 12, 2009. *Id.* The Secretary's agent assessed tax liability of $4,618 for tax year 2007 on October 12, 2012. *Id.* Finally, the

1

notice and demand for payment of his tax liabilities. *Id.* ¶ 8. Defendant has not satisfied these tax liabilities and the liabilities have accrued statutory penalties and interest. *Id.* ¶ 9. As of July 1, 2016, Defendant owed the United States $137,239.40, plus costs and interests that continue to accrue. *Id.* ¶ 10.

The United States brought this suit against Defendant on December 9, 2015. Compl. Defendant was served on January 16, 2016. (Doc. No. 3). The Clerk entered a default against Defendant for failure to plead or otherwise defend the action on March 15, 2016. (Doc. No. 4). The United States moved for default judgment as to Count I of its complaint on July 15, 2016. (Doc. No. 5). Defendant has not made an appearance or otherwise responded to the instant motion.

## II. STANDARD

Federal Rule of Civil Procedure 55(b)(2) allows the Court, upon plaintiff's motion, to enter default judgment against a defendant that has failed to plead or otherwise defend a claim for affirmative relief. The Court should accept as true all well-pleaded factual allegations in the complaint by virtue of the defendant's default except for those allegations pertaining to damages. *Chanel, Inc. v. Gordashevsky*, 448 F. Supp. 2d 532, 536 (D.N.J. 2008) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). The Court also does not adopt Plaintiff's *legal* conclusions because whether the facts set forth an actionable claim is for the Court to decide. *Doe v. Simone*, No. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013).

While the decision to enter default judgment is left principally to the discretion of the district court, there is a well-established preference in the Third Circuit that cases be decided on the merits rather than by default judgment whenever practicable. *Hritz v. Woma Corp.*, 732 F.2d

---

Secretary's agent assessed tax liability of $2,105 for tax year 2013 and $1,589 for tax year 2014 on October 12, 2015. *Id.*

1178, 1180-81 (3d Cir. 1984). Consequently, the Court must address a number of issues before deciding whether a default judgment is warranted in the instant case. If the Court finds default judgment to be appropriate, the next step is for the Court to determine a proper award of damages.

## III. DISCUSSION AND ANALYSIS

### A. Appropriateness of Default Judgment

*i. The Court's Jurisdiction*

First, the Court must determine whether it has both subject matter jurisdiction over Plaintiff's cause of action and personal jurisdiction over the defendant. *See U.S. Life Ins. Co. in N.Y.C. v. Romash*, No. 09–3510, 2010 WL2400163, at *1 (D.N.J. June 9, 2010).

In this case, the United States is the Plaintiff. As such, this Court has jurisdiction pursuant to 28 U.S.C. section 1345. This case also regards the Internal Revenue Code, leading to jurisdiction pursuant to 28 U.S.C. section 1340. Furthermore, section 7402 of the Internal Revenue Code states that "district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions . . . to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." I.R.C. § 7402(a). Thus, this Court has subject matter jurisdiction over the instant action. This Court also has personal jurisdiction over the Defendant in the form of general jurisdiction because Defendant has "continuous and substantial" contacts with the forum state as a citizen of New Jersey. *See Provident Nat'l Bank v. Fed. Sav. & Loan Ass'n* 819 F.2d 434, 437 (3d Cir. 1987) (citations omitted).

*ii. Entry of Default*

Second, the Court must ensure that the entry of default under Rule 55(a) was appropriate. Rule 55(a) directs the Clerk of the Court to enter a party's default when that party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." In this case, Defendant was properly served with a summons in December 2015 and has made no attempt to answer or defend the action. Accordingly, the Clerk appropriately issued the entry of default under Rule 55(a).

*iii. Fitness of Defendants to be Subject to Default Judgment*

Third, the Court will confirm that the defaulting parties are not infants or incompetent persons, or persons in military service exempted from default judgment. *See* Fed. R. Civ. P. 55(b)(2); 50 U.S.C. App. § 501 *et seq.* (2006) (codification of the Servicemembers Civil Relief Act of 2003). In this case, Plaintiff's counsel avers that Defendant is neither an infant nor an incompetent person. Decl. of Beatriz T. Saiz ¶ 6 (Doc. No. 4-2). Counsel states this upon information and belief, and her good faith affirmation is sufficient to comply with Rule 55(b)(2). *See Firstbank Puerto Rico v. Jaymo Props., LLC*, 379 F. App'x 166, 170 (3d Cir. 2010). Further, Plaintiff's counsel has submitted documentation from the Department of Defense Manpower Data Center indicating that Defendant has never performed military service that would trigger the protections against default judgment afforded by the Servicemembers Civil Relief Act. Saiz Decl, Ex. A (Doc. No. 4-3).

*iv. Plaintiff's Cause of Action*

Fourth, the Court must determine whether Plaintiff's Complaint states a proper cause of action against Defendant. In performing the inquiry into a cause of action, the Court accepts as true a plaintiff's well-pleaded factual allegation while disregarding its mere legal conclusions.

*See Directv, Inc. v. Asher*, No. 03–1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 58-59 (3d ed. 1998)). Plaintiff has plead that the Secretary of the Treasury authorized and requested that the instant action be pursued by the Attorney General pursuant to Internal Revenue Code § 7401. Compl. Plaintiff has also adequately plead the amount of Defendant's assessed tax and Plaintiff's previous demand for such taxes. Compl. ¶¶ 1, 7-10. The Court notes that it is "well established" that the government's tax assessments are "entitled to a legal presumption of correctness[.]" *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). Accordingly, the Court finds that the allegations set forth in the complaint to recover unpaid taxes are sufficient to state a claim against Defendant.

### v. Emcasco *Factors*

Finally, the Court must consider the so-called *Emcasco* factors when determining whether to enter default judgment. The Court considers: (1) whether the defaulting party has a meritorious defense; (2) the prejudice suffered by the plaintiff seeking default; and (3) the defaulting party's culpability in bringing about default. *Bridges Fin. Grp., Inc. v. Beech Hill Co.*, Inc., No. 09-2686, 2011 WL 1485435, at *3 (D.N.J. Apr.18, 2011) (citing *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987))). The Court finds that all three factors favor granting default judgment.

First, there is no showing that Defendant has a cognizable defense to Plaintiff's claim for deficient taxes. Second, because Defendant has wholly failed to answer the Complaint or otherwise appear, Plaintiff suffers prejudice if it does not receive a default judgment because it has no alternative means of vindicating its claim against the defaulting party. *See Directv v.*

*Asher*, 2006 WL 680533, at *2. Third, the Defendant's failure to respond permits the Court to draw an inference of culpability on his part. *See Surdi v. Prudential Ins. Co. of Am.*, No. 08-225, 2008 WL 4280081, at *2 (D.N.J. Sept. 8, 2008) (citing *Palmer v. Slaughter*, No. 99-899, 2000 WL 1010261, at *2 (D. Del. July 13, 2000)). Therefore, the *Emcasco* factors weigh in favor of entering default judgment. Plaintiff is entitled to a default judgment against Defendants

### B. Damages

Plaintiff seeks actual damages of $137,239.40 of tax debt, plus pre-judgment and post-judgment interest as allowed by Internal Revenue Code section 6621. The Court has already noted that that the government's tax assessments are "entitled to a legal presumption of correctness[.]" *Fior D'Italia, Inc.*, 536 U.S. at 242. The United States submitted documentation supporting their contention that Defendant owes $137,239.40 for deficient taxes. Decl. of Beatriz T. Saiz ¶ 4. Therefore, the Court will award the United States $137,239.40, the balance owed for deficient taxes.

Plaintiff also requests pre- and post-judgment interest pursuant to 28 U.S.C. section 1961(c)(1) and Internal Revenue Code section 6621. This interest is prescribed by federal law. Therefore, the Court awards Plaintiff pre- and post-judgment interest as calculated by Internal Revenue Code section 6621.

### III. CONCLUSION

For the reasons stated above, the United States's Motion for Default Judgment against Defendant is **GRANTED**. An appropriate order shall issue.

Dated:   01/10/2017                                              s/ Robert B. Kugler
                                                                                           ROBERT B. KUGLER
                                                                                           United States District Judge